UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF TRUSTEES OF THE LOCAL UNION
NO. 373 UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES OF THE
PLUMBING AND PIPEFITTING INDUSTRY
BENEFIT FUNDS,

         Plaintiffs,

 -against-

MID ORANGE MECHANICAL CORP., a/k/a
MID-ORANGE MECHANICAL CORPORATION,
and MID-ORANGE PLUMBING AND HEATING,
INC.,

         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/2020

No. 17-cv-2669 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

 Plaintiff Board of Trustees of the Local Union No. 373 United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry Benefit Funds ("Plaintiff"), initiated the instant action against Mid-Orange Mechanical Corporation and Mid-Orange Plumbing and Heating, Inc. (together, "Defendants") on April 13, 2017, alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"), as well as claims sounding in breach of contract. (*See* Complaint, ECF No. 1; Amended Complaint ("AC"), ECF No. 21.)

 Currently before the Court is Plaintiff's motion to amend the operative complaint. (Pl.'s Mot. Am. Compl., ECF No. 119.) For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

I. **Factual Allegations**[1]

Plaintiff, the Board of Trustees of the Local Union No. 373 United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry Benefit Funds (the "Funds"), acting in their fiduciary capacities, assert several ERISA and breach of contract claims against Defendants. (*See* Proposed Second Amended Complaint ("PAC") ¶¶ 7, 53–98.)

   a. **The Parties**

The Local Union No. 373, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry (the "Union") entered into several agreements with employers in the plumbing and pipefitting industry ("Agreement" or "Agreements"), whereby the employers agreed to contribute to the Funds on behalf of eligible employees, retirees and their dependents, and in turn, the Funds would provide various fringe benefits to those employees, retirees and their dependents. (*See id.* ¶ 9.) Defendant Mid Orange Mechanical Corp., a/k/a Mid-Orange Mechanical Corporation ("Mid-Orange") was an employer who executed such Agreements with the Union during relevant time periods and is a party to an Agreement or Agreements with the Union by virtue of membership in the Mechanical Contractors Association of Rockland, Orange, Sullivan Counties, etc. (*See id.* ¶ 14.) Plaintiff alleges that Defendant Mid-Orange Plumbing and Heating, Inc. ("MOPHI"), is also an employer that is a party to Agreements with the Union. (*See id.* ¶ 15.)

---

[1] The following facts are taken from Plaintiff's proposed second amended complaint (ECF No. 121-59, Ex. GGG) ("PAC")). *See Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 366 n.1 (S.D.N.Y. 2014) (Freeman, J.) (accepting facts alleged in proposed amended complaint as true for the purposes of deciding a motion to amend). Many of the allegations contained therein are made "upon information and belief," which is still permissible post-*Iqbal* to the extent they are not conclusory or speculative. *See New York v. United Parcel Serv., Inc.*, 131 F. Supp. 3d 132, 137 (S.D.N.Y. 2015) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)) ("A plaintiff may plead facts alleged upon information and belief 'where the facts are peculiarly within the possession and control of the defendant.' ").

Mid-Orange performed plumbing and heating work in Orange County until on or about May 1, 2013. (*Id.* ¶ 39.) MOPHI also performed, and continues to perform, plumbing and heating work in Orange County. (*Id.*) The two companies, Mid-Orange and MOPHI, used the same accountants, clerical workers, and other professionals; they also shared the same payroll company and co-mingled assets and/or bank accounts. (*Id.* ¶ 40.) From November 2012 through 2013, the two companies operated the same business, from the same location, with the same ownership. (*Id.* ¶ 43.) During this time, the two companies also transferred contracts, customers, assets, vehicles, equipment, and other resources from Mid-Orange to MOPHI, and when Mid-Orange ceased operations in May 2013, MOPHI continued the business. (*Id.*) As a result of the aforementioned transfers, Mid-Orange had no remaining assets. (*Id.* ¶ 46.)

Both Mid-Orange and MOPHI were owned, managed, supervised, and controlled by William E. Hadden ("Mr. Hadden") and his wife Marie A. Hadden, also known as Marie A. Guzzardo and Marie Guzzardo ("Mrs. Hadden"). (*Id.* ¶ 33.) Mr. Hadden and Mrs. Hadden each served as officers of Mid-Orange and MOPHI, and also owned all of Mid-Orange and MOPHI's shares. (*Id.* ¶ 34.)

### b. Prior Action Against Mid-Orange for Unpaid Contributions

*Period Ending April 24, 2012*

On May 10, 2012, Mid-Orange signed a Settlement Agreement and a Confession of Judgment for the amount of $226,851.53, which represented contributions, interest, liquidated damages and legal fees owed to Plaintiff for the period of May 11, 2011 through April 24, 2012 and for the remainder of a previous settlement agreement. (*Id.* ¶ 20.)

On or about February 11, 2013, Mid-Orange defaulted upon the May 10, 2012 Settlement Agreement. (*Id.* ¶ 21.) In response, Plaintiff filed the Confession of Judgment less payments

made, for a total of $173,061.52 (Index No. 001517/2013, Supreme Court of the State of New York, County of Orange). (*Id.*) On February 22, 2013, the Clerk of the Supreme Court of New York for Orange County entered judgment for $173,061.53 ("Unpaid Contribution Judgment"). (*Id.* ¶ 21 & Ex. A.) Plaintiff asserts that, because Mid-Orange and MOPHI constitute a single integrated enterprise—with Mid-Orange and MOPHI constituting a single employer and their employees constituting a single bargaining unit—each is bound to the Agreements of the other.[2] (*Id.* ¶¶ 89–92.) Plaintiff therefore argues that MOPHI is liable to the Funds for the Unpaid Contribution Judgment amount of $173,061.53. (*Id.* ¶ 97.)

*Period from April 25, 2012 through May 1, 2013*

Further to the February 22, 2013 judgment, Plaintiff alleges that Mid-Orange owes to Plaintiff the benefit contributions for the period of April 25, 2012 up to and including May 1, 2013 in the minimum sum of $147,611.35 plus interest, liquidated damages, attorneys' fees, court costs, audit fees and expenses. (*Id.* ¶ 22.) Plaintiff asserts that Mid-Orange and MOPHI are jointly and severally liable to the Funds for this amount of unpaid contributions, $147,611.35, pursuant to the Agreements and in accordance with ERISA § 502 (29 U.S.C. § 1132). (*Id.* ¶ 53–84.)

      **c. Prior Action Against Mid-Orange for Withdrawal Liability**

Plaintiff alleges that on or about May 1, 2013, Mid-Orange permanently ceased all covered operations under a plan for retirement income ("Plan") to a pension fund ("Pension Fund")—one of the Funds—and permanently ceased to have an obligation to contribute to the Funds, thereby withdrawing from the Plan. (*Id.* ¶ 23.) As a result, Plaintiff claims that Mid-Orange became liable to the Pension Fund for $572,330.00 pursuant to Section 4201 of ERISA,

---

[2] In the alternative, Plaintiffs argue that MOPHI is an alter ego successor entity of Mid-Orange. (*Id.* ¶¶ 93–96.)

29 U.S.C. § 1381.  (*Id.* ¶ 24.)  Despite receiving notice of the withdrawal liability and notice of default, Mid-Orange failed to make its first withdrawal liability payment.  (*Id.* ¶¶ 25–28.)  In response, Plaintiff sued to recover the benefit fund contributions related to Mid-Orange's withdrawal liability, and on July 30, 2014, judgment was entered in the U.S. District Court, Southern District of New York, against Mid-Orange in the amount of $631,978.00 ("Withdrawal Liability Judgment").  (*Id.* ¶¶ 29–30 & Ex. B.)

Plaintiff subsequently sent a demand to MOPHI for payment of the Withdrawal Liability Judgment by certified letter dated April 7, 2017.  (*Id.* ¶ 24.)  Plaintiff now asserts that Mid-Orange and MOPHI are a single employer for purposes of withdrawal liability, and are jointly and severally liable for the Withdrawal Liability Judgment.  (*Id.* ¶¶ 98–101.)

## II.  Procedural History

On June 14, 2017, Defendant Mid-Orange filed an Answer to the Complaint.  (Answer, ECF. No. 16.)  Plaintiff subsequently amended the complaint to include a claim for the amount owed to the Funds pursuant to the Withdrawal Liability Judgment against Mid-Orange and MOPHI, as trades or businesses under common control, and/or in the alternate against MOPHI as alter ego and/or successor to Mid-Orange.  (*See* AC, ECF No. 21.)  Protracted discovery followed, which was interrupted by a hiatus for settlement efforts (from about September 2018 to April 2019), which ultimately proved unsuccessful.  (*See* Pl.'s Mot. Am. Compl. at 3.)

During the course of discovery, Plaintiff became aware of two additional entities that are also owned and managed by Mr. and Mrs. Hadden: Mid-Orange Fire Protection Corp. ("Mid-Orange Fire") and 1191 Dolsontown Road, LLC ("1191 Dolsontown").  (*See id.* at 2.)  While certain records obtained during discovery referenced these entities, Plaintiff was not able to confirm the common ownership and principals identical to those of Mid-Orange and MOPHI, as

shareholders or members of the two additional entities, until the depositions of Mr. and Mrs. Hadden on July 12, 2018.  (*See id.* at 3.)  Shortly thereafter, Plaintiff requested permission from the court for a pre-motion conference for permission to file the instant motion.  (7/27/2018 Letter Motion, ECF No. 64.)  The briefing schedule was stayed during settlement efforts, but resumed in June 2019.  (*See* Mem. End., ECF No. 114.)

Plaintiff filed the instant motion to amend the complaint on November 1, 2019.  (Pl.'s Mot. Am. Compl., ECF No. 119.)  As of that date, Defendants had not responded to the motion; thus, per a memorandum endorsement dated November 13, 2019, the Court deemed the motion fully submitted.  (Mem. End., ECF No. 124.)  On December 20, 2019, the Court granted Defendants leave to belatedly file their opposition.  (Mem. End., ECF No. 131.)

On January 21, 2020, the Court stayed the action in light of the filing of a petition for Bankruptcy by 1191 Dolsontown Road, LLC—one of the two entities that Plaintiff seeks to add a defendant in this matter.  (Case No. 19-36870, U.S. Bankruptcy Court, S.D.N.Y.; Mem. End., ECF No. 133.)  On April 13, 2020, the Court lifted the stay on the action.  (Mem. End., ECF No. 135.)  Defendants filed their opposition to the motion on June 1, 2020 (ECF Nos. 138–39); Plaintiff filed its reply on the same date (ECF No. 140); and Defendants filed their sur-reply on August 4, 2020.  (ECF No. 142.)

## LEGAL STANDARDS

Plaintiffs move pursuant to Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings, and, because they seek to add parties, Rules 20(a)(2) and 21.  In addition, Federal Rule of Civil Procedure 16 applies because the Court has previously issued a scheduling order.  (*See* Civ. Case Discovery Plan and Scheduling Order, ECF No. 23.)

### I. FRCP 15

Federal Rule of Civil Procedure 15 governs amendments to pleadings. After the first amendment to a plaintiff's complaint, further amendments are conditioned on either "the opposing party's written consent or the court's leave"—the latter of which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant leave to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Nonetheless, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'")).

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 725 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993)). A district court may "deny leave to amend where the motion has been made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir. 1990). "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block*, 988 F.2d at 350 (quoting *Evans*

*v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir. 1983)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (quoting *State Teachers,* 654 F.2d at 856); *accord Block,* 988 F.2d at 350.

Irrespective of whether undue delay, prejudice, or bad faith can be established, leave to amend may independently be denied "on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy,* 626 F.3d at 726 (quoting *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110-11 (2d Cir. 2001)); *accord Ruotolo,* 514 F.3d at 191 (quoting *Foman,* 371 U.S. at 182). In other words, "[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Thus, a court should deny a motion to amend if it does not contain enough factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." *Riverhead Park Corp. v. Cardinale,* 881 F. Supp. 2d 376, 379 (E.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) (denying motion to add claims as futile).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). It is important to note that "pleading is not an interactive game in which plaintiff's file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." *In re Merrill Lynch Ltd. P'ships Litig,* 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997). The court's "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical*

*College,* 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and quotation marks omitted).

## II.  FRCP 20(a)(2) and FRCP 21

Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Federal Rule of Civil Procedure 20(a)(2) permits the joinder of persons as defendants in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  "According to the Supreme Court, 'joinder of claims, parties and remedies is strongly encouraged,' and 'the impulse is toward the broadest possible scope of action consistent with fairness to the parties.'" *Ferrara v. Smithtown Trucking Co.,* 29 F. Supp. 3d 274, 279–80 (E.D.N.Y. 2014) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 724 (1966)).  "Thus, '[l]ike Rule 15, the requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" *Id.* (quoting *Liegey v. Ellen Figg, Inc.,* No. 02 Civ. 1492 (JSM) (JCF), 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003)).

## III.  FRCP 16

If during the proceedings, the Court enters a Rule 16 scheduling order that further restricts amendments, then "the lenient standard under Rule 15(a)... must be balanced against the [stricter] requirement under Rule 16(b)[.]" *Holmes v. Grubman,* 568 F.3d 329, 334–35 (2d Cir. 2009) (internal citations omitted).  Rule 16(b)(4) provides that "[a] schedule may be modified

only for good cause and with the judge's consent," where " 'good cause' depends on the diligence of the moving party." Fed. R. Civ. P. 16(b)(4); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

## DISCUSSION

Plaintiff must show that joinder of these defendants meets the requirements of Federal Rule of Civil Procedure 20(a)(2). Furthermore, since this proposed amended pleading would be Plaintiff's second amended complaint, leave of the Court is required. *See* Fed. R. Civ. P. 15(a)(1) & (2). In addition, because the Court has issued a Scheduling Order providing that "Amended pleadings may be filed until 10/12/2017," Plaintiffs must show "good cause" for the modification of the schedule. *See* Fed. R. Civ. P. 16(b)(4). Defendants oppose the motion on the grounds that neither Mid-Orange Fire nor 1191 Dolsontown are part of a single integrated enterprise, nor are they alter egos of Mid Orange or its successor. (Defendants' Memorandum in Opposition ("Defs. Opp."), ECF No. 139, at 4.) Defendants also argue that any discovery delays attributable to Defendants were due to settlement negotiations. (*Id.* at 4–5.)

The Court will first analyze whether joinder is proper before considering whether granting leave to amend would indeed be futile, *i.e.*, whether the proposed amendments would survive a motion to dismiss. Next, the Court will assess whether the amendments would unduly prejudice Defendants or are motivated by bad faith, made after undue delay, or lack good cause.

### a. Whether Joinder Is Proper

Plaintiffs seek to add Mid-Orange Fire and 1191 Dolsontown Road as defendants because they are allegedly liable for the Withdrawal Liability Judgment as part of a controlled group. (*See* PAC ¶ 6; Pl.'s Mot. Am. Compl. at 3; 7/27/2018 Letter Motion, ECF No. 64.) Specifically, the proposed amended claim alleges that MOPHI, Mid-Orange Fire, and 1191 Dolsontown are

"jointly and severally liable" for the Withdrawal Liability Judgment. (PAC ¶¶ 98–93).[3] Thus, joinder under Federal Rules of Civil Procedure 20 and 21 is proper.

Defendants argue that, because 1191 Dolsontown has filed for protection under Chapter 11 of the United States Bankruptcy Code, joinder of 1191 Dolsontown would violate the automatic stay provisions of 11 U.S.C. § 362. But the Honorable Judge Cecelia G. Morris issued an Order Granting Relief from the Automatic Stay in Case No. 19-36870 on April 8, 2020. (*See* ECF No. 135.) As such, this concern is no longer relevant.

### b. Whether Amendment Is Proper

The gravamen of Plaintiff's proposed claim is the fact that Mr. and Mrs. Hadden are the sole owners, as members or shareholders, of Mid-Orange Fire and 1191 Dolsontown Road—and that these companies are under common control with the obligated entity, Mid Orange. (*See* Pl.'s Mot. Am. Compl. at 3.) Thus, according to Plaintiff, Mid-Orange Fire and 1191 Dolsontown Road are equally responsible for any withdrawal liability owed by one of the companies under common control.

### i. Whether Amendment Is Futile

ERISA Section 4001(b)(1) governs controlled group liability claims. *See* 29 U.S.C. § 1301(b)(1).[4] "Under the principles of the common control doctrine, 'all businesses under common control are treated as a single employer for purposes of collecting withdrawal liability, and each is liable for the withdrawal liability of another.'" *Retirement Plan of UNITE HERE Nat. Retirement Fund v Kombassan Holding A.S.*, 629 F3d 282, 285 (2d Cir. 2010) (quoting

---

[3] The Court notes there is a typographical error in the numbering of the paragraphs beginning at paragraph 99 of the Proposed Second Amended Complaint.

[4] It provides, in relevant part, "For purposes of this subchapter, under regulations prescribed by the corporation, all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." 29 U.S.C. § 1301(b)(1).

*Corbett v. MacDonald Moving Srvcs., Inc.*, 124 F.3d 82, 86 (2d Cir. 1997)).  ERISA defines "common control" by reference to Treasury Regulations prescribed under 26 U.S.C. § 414(c). *See* 29 U.S.C. § 1301(b)(1).  "Included within the definition of common control in those regulations are so-called "brother-sister" corporations, defined as two or more corporations where the same five or fewer people 1) own at least 80 percent of the total stock of the corporation, and 2) own at least 50 percent of the total stock of the corporation, taking into account the ownership of each person only to the extent such ownership is identical with respect to each such organization." *Amalgamated Lithographers of Am. v Unz & Co. Inc.*, 670 F. Supp. 2d 214, 223 (S.D.N.Y. 2009) (citing 26 C.F.R. § 1.414(c)–2.); *I.L.G.W.U. Nat. Retirement Fund v. Vaco Holding Co.*, 950 F. Supp. 598, 602 (S.D.N.Y. 1997) ("A business is commonly controlled if the same five or fewer persons own a controlling interest (i.e., 80%) in each business and, considering only the identical ownership in each entity, the relevant persons are also in effective control (i.e., 50% interest) of each entity.")

In the proposed Second Amended Complaint, Plaintiff alleges that both Mid-Orange Fire and 1191 Dolsontown: (i) are wholly owned by principals William and Marie Hadden, who are the principals of Mid-Orange and MOPHI; (ii) are for-profit businesses that are closely related to Mid-Orange and MOPHI; and (iii) are trades or businesses for income and profit.  (*See* PAC ¶¶ 35, 48–49, 98–101).  These allegations are sufficient to plead that Mid-Orange Fire, 1191 Dolsontown, Mid-Orange, and MOPHI qualify as businesses under common control for ERISA purposes.

Defendants argue that 1191 Dolsontown and Mid-Orange Fire are not businesses.  (Defs. Opp. at 8.)  But the Affidavit of William Hadden, submitted in connection with Defendants' Opposition, states otherwise regarding Mid-Orange Fire.  (*See* ECF No. 138 at 26 ("Mid-Orange

12

Fire Protection Inc., is a[] unrelated business I own with my wife.").) Defendants' assertion that Mid-Orange Fire, "while technically a business entity, does not conduct business with continuity or regularity" is unsupported by any evidentiary proof. (Defs. Opp. at 8.) As to 1191 Dolsontown, Defendants state that it "has, on occasion, rented out small portions of its space to other tenants but does not do so with continuity or regularity." (*Id*. at 8.) Again, Defendants do not present any factual basis to support this assertion.

Defendants' sur-reply also argues that Plaintiff may not base its claims for liability against 1191 Dolsontown and Mid-Orange Fire on theories of enterprise liability and alter ego. But the Proposed Second Amended Complaint does not premise its claims against 1191 Dolsontown and Mid-Orange Fire on those theories. (*Compare* PAC, Fourth Claim for Relief *with* PAC, Fifth Claim for Relief.)

For these reasons, the proposed pleading is not barred on the ground of futility.

### ii. Whether Good Cause Has Been Shown

Plaintiff maintains that they have "good cause" for seeking this amendment because they have diligently pursued the case, despite delays in receiving documents from Defendants, and acted promptly to seek permission to amend immediately after the depositions of Defendants Mr. and Mrs. Hadden. (Pl.'s Mot. Am. Compl. at 6–7). Plaintiff became aware of the crucial additional facts regarding 1191 Dolsontown and Mid-Orange Fire on June 12, 2018, and filed their pre-motion conference request the next month, on July 27, 2018. (*See id.* at 3; 7/27/2018 Letter Motion, ECF No. 64.) Moreover, Plaintiff has demonstrated their persistence in moving

the case forward through emails, phone calls, and other correspondence with opposing counsel. (*See* Pltfs.' Statement of Material Facts on Motion to Amend, ECF No. 122.)

Defendants concede they were "not as quick as they might otherwise have been with certain items of discovery." (Defs. Opp. at 5.) Defendants describe this motion as part of Plaintiff's "bad faith attempts to collect a debt by rounding up the assets of the principals of its judgment debtor, when it has no legal basis to do so." (*Id.*) From this assertion, the Court does find a basis to conclude that Plaintiff is motivated by bad faith. There are no other arguments before the Court that the proposed amendments would unduly prejudice Defendants, are made after undue delay, or lack good cause.

The Court therefore finds that Plaintiffs have met the "good cause" standard of Federal Rule of Civil Procedure 16, and that leave should be granted pursuant to Federal Rule of Civil Procedure 15. "When delayed discovery prevented a party from discovering facts sufficient to support a cause of action, a party must show that it acted diligently upon learning new facts."; the primary consideration is whether the moving party can demonstrate diligence. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 119. Plaintiff shall file its Second Amended Complaint on or before October 8, 2020. Defendants are directed to thereafter file an answer to the Second Amended Complaint on or

before December 20, 2020. The parties are directed to contact Magistrate Judge McCarthy to schedule a status conference or to advise this Court if discovery is complete.

Dated: September 30, 2020
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge